IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS L. TERRY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-1068 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| SUPERINTENDENT HARLOW, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Thomas L. Terry be dismissed because it is a successive petition. A certificate of appealability should be denied.

### II. REPORT

Thomas L. Terry is a state prisoner convicted of Burglary, Aggravated Assault and Spousal Sexual Assault in the Court of Common Pleas of Allegheny County. Terry filed a prior Petition for Writ of Habeas Corpus at Civil Action No. 99-1695 that was addressed on its merits and denied. Terry now files a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she has already raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not raised in a

previous petition, the claim also must be dismissed unless it falls within one of two narrow exceptions. One exception is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that he first seek authorization from the applicable court of appeals. 28 U.S.C. § 2244(3)(A).

Terry has already filed a "first" petition for purposes of AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first successfully moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 28 U.S.C. § 2244(b)(3)(a). The lack of an order from an appellate court deprives a district court of jurisdiction over a successive petition. "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir.2007), quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir.2005). Terry's instant Petition for Writ of Habeas Corpus should be dismissed.

A certificate of appealability should be denied because Terry has not shown that jurists of reason would disagree that his federal habeas petition is a second or subsequent habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

## III. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Thomas L. Terry should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 11, 2009.

                                            s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Dated: August 25, 2009

Cc:
**THOMAS L. TERRY**
EJ-2540
SCRF Mercer
801 Butler Pike
Mercer, PA 16137-9651